UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEMOND MACK (#335897)**                                          **CIVIL ACTION**

**VERSUS**

**JERRY GOODWIN, WARDEN**                                          **NO. 13-0320-JJB-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 7, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEMOND MACK (#335897)**                                        **CIVIL ACTION**

**VERSUS**

**JERRY GOODWIN, WARDEN**                                       **NO. 13-0320-JJB-RLB**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se petitioner, an inmate confined at David Wade Correctional Center ("DWCC"), Homer, Louisiana, brought this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, complaining that his constitutional right to due process has been violated in connection with prison disciplinary charges levied against him on February 26, 2013. The petitioner asserts that after a disciplinary hearing conducted on March 4, 2013, he was found guilty in connection with those charges and was wrongly sentenced to a forfeiture of ninety (90) days of accrued good time credit.[1] The basis for his claim in this case is his contention that in 1994, when he committed the original criminal offense which led to his current incarceration, the statutory scheme then in effect allowed for a forfeiture of a maximum of thirty (30) days of good time credit for each disciplinary rule violation, whereas prison officials have now applied an amended version of the pertinent statute, enacted subsequent to his conviction in 1995, to deprive him of a greater amount of good time credit per violation. He asserts that this has resulted in a violation of his constitutional rights through the application of a prohibited *ex post facto* law to his

---

1. In his application, the petitioner asserts that he was sentenced to a loss of thirty (30) days of accrued good time credit as a result of the referenced disciplinary violation, but it appears from an exhibit attached to his application that he was in fact sentenced to a loss of ninety (90) days of accrued good time credit. *See Rec. Doc.* 1-2 at p. 2.

criminal confinement.

Pursuant to 28 U.S.C. § 2254(b) and (c), a claimant seeking federal habeas corpus relief is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined.  The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982)*; Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir. 1980); *Townsend v. Warden*, 2012 WL 4961697 (W.D. La. Aug. 28, 2012) (applying exhaustion requirement in the context of a prison disciplinary proceeding which resulted in a loss of good time credit).  Without reaching the merits of the petitioner's claims, it is clear from a review of his application and the attached exhibits that he has not exhausted state court remedies relative to the claim asserted in this proceeding.[2]  Specifically, the petitioner has failed to assert that he has proceeded with a review of his claim before any state court, much less the Louisiana Supreme Court.  To the contrary, he has apparently done no more than pursue an administrative disciplinary appeal with the Secretary of the Louisiana Department of Public Safety and Corrections in connection with the referenced disciplinary sentence, which appeal was denied by the Secretary's Office in a decision dated April 16, 2013, one month prior to the filing of the instant habeas corpus proceeding.  *See* Rec. Doc. 1-2 at p. 2.  Thus, it does not appear that the petitioner has pursued his claim before the courts of the State of Louisiana,

---

2. A district court may raise, *sua sponte*, the issue of a petitioner's failure to exhaust state court remedies, provided that notice and an opportunity to respond is afforded to the petitioner.  *See Kurtzemann v. Quarterman*, 306 Fed. Appx. 205, 206 (5th Cir. 2009), *citing Day v. McDonough*, 547 U.S. 198, 209-10 (2006).  The Court hereby advises the petitioner that this Report constitutes notice that this Court is *sua sponte* raising the issue of exhaustion.  The Court further advises the petitioner that, in accordance with 28 U.S.C. § 636(b)(1), he has a period of fourteen (14) days from service of this Report to file written objections to the proposed findings of fact and conclusions of law herein, and that he may submit any evidence or argument he may have concerning the exhaustion issue in connection with such written objections.

through and including the Louisiana Supreme Court.[3] *See Townsend v. Warden*, *supra* (finding that a habeas petitioner failed to exhaust state court remedies where he complained of a forfeiture of good time credit and where he filed his federal habeas corpus application, as in this case, shortly after the denial of his administrative disciplinary appeal). Further, the petitioner has essentially conceded this point in his application because he suggests that the exhaustion requirement should be dispensed with in this case because "[t]he state courts process is lengthy and petitioners release date would have passed before a ruling can be made." *See* Rec. Doc. 1-1 at p. 1. He thus asserts that, "because of the time factor, his otherwise adequate state remedy would be inadequate," and he asserts that this constitutes "the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." *Id.* In doing so, the petitioner apparently relies upon 28 U.S.C. § 2254(b)(1)(B)(ii), which provides that exhaustion is not required where circumstances exist which would render the exhaustion requirement inadequate.

Notwithstanding the petitioner's contention, the requirement that a habeas corpus petitioner exhaust state court remedies may be dispensed with "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). As such, the exhaustion doctrine does not apply when the state system inordinately and unjustifiably delays review so as to impinge on a petitioner's due process rights. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). However, "exceptions to the exhaustion requirement apply only in 'extraordinary

---

3. Under Louisiana law, an inmate may seek judicial review of disciplinary action taken against him by filing suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. *See* La. R.S. 15:1177. If not satisfied with the result, the inmate may then seek discretionary review in the Louisiana Court of Appeal for the First Circuit and thereafter in the Louisiana Supreme Court. *See* La. Const. Art. 5, §§ 5 and 10.

circumstances,'" and a petitioner has the burden of demonstrating the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

In the instant case, it does not appear that the petitioner has even attempted to seek review of his disciplinary conviction and sentence in the state district court. As such, he cannot be heard to complain in this Court of an inordinate or unjustifiable delay in the resolution thereof. The mere fact, as he alleges, that when he received the decision denying his disciplinary appeal in April, 2013, he faced an anticipated release date approximately nine (9) months in the future (in January, 2014) does not, in the Court's view, constitute such extraordinary circumstances as would render an attempt to seek state court review ineffective or futile. Accordingly, inasmuch as the petitioner was required to present his claims for review before the courts of the State of Louisiana and inasmuch as he has made no attempt to do so in this case, his application in this Court is subject to dismissal for failure to exhaust state court remedies.

In addition to the foregoing, and in the alternative, this Court is authorized to dismiss a petitioner's habeas corpus claims on the merits, notwithstanding his apparent failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(2). Undertaking this review, the Court finds that the referenced 1995 amendment to La. R.S. 15:571.4, which increased the amount of good time credit subject to potential forfeiture for each disciplinary violation, did not violate the *ex post facto* clause of the United States Constitution. In this regard, Article I, § 10 of the United States Constitution provides, in pertinent part, that "[n]o state shall ... pass any *ex post facto* law ...." The United States Supreme Court, however, has long delineated the types of laws which may run afoul of the *ex post facto* prohibition:

> 1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when

>committed.  4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

*See Rogers v. Tennessee,* 532 U.S. 451, 456 (2001), *quoting Calder v. Bull*, 3 Dall. 386, 1 L.Ed. 648 (1798).  Thus, in order for a law to be considered *ex post facto* in application, it must apply to wrongdoing occurring before its enactment, and it must disadvantage the offender affected by such law by altering the definition of criminal conduct or by increasing the punishment for such criminal conduct after the fact.  *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997).  Therefore, the *ex post facto* clause's prohibition extends to a statute which "punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed." *Collins v. Youngblood*, 497 U.S. 37, 43 (1990), *quoting Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925).  A paramount concern of the Constitution's *ex post facto* prohibition is that a person be given fair notice of an offense or of punishment for an offense prior to the offense being committed. *Weaver v. Graham,* 450 U.S. 24, 30 (1981).

Based upon the foregoing, the Court concludes that the petitioner has no claim relative to any alleged violation of the *ex post facto* clause.  Specifically, although the statutory amendment to La. R.S. 15:571.4 in 1995 increased the amount of accrued good time credit potentially subject to forfeiture for disciplinary violations –from 30 days to 180 days – the amendment imposed such penalty only for *future* bad conduct by inmates and did not increase the length of the petitioner's original criminal sentence or impose additional punishment for the original offense.  Accordingly, this Court concludes that the referenced amendment did not run afoul of the *ex post facto* clause.  *See Poullard v. Stalder*, 2008 WL 4372898 (W.D. La. Aug. 7, 2008)

(upholding a state court's determination, as not unreasonable on federal habeas corpus review, that the 1995 amendment to La. R.S. 15:571.4 did not result in a prohibited *ex post facto* application). *See also Thompson v. Stalder*, 2010 WL 769554, *5 n. 1 (M.D. La. March 4, 2010) (stating, in *dicta*, that "the Court would likely conclude that the amendment [to La. R.S. 15:571.4] only operated to increase the potential punishment for *future* conduct, *i.e.*, for future disciplinary violations; it did not, therefore, increase the plaintiff's punishment for his past criminal behavior or extend the length of his confinement in connection with his original sentence" (emphasis in original)); *Martinez v. Tanner*, 79 So.3d 1082, 1084-85 (La. App. 1st Cir. 2011), *writ denied*, 93 So.3d 597 (La. 2012) (holding that "the application of the amended good time forfeiture provisions does not violate the constitutional prohibition of *ex post facto* application of laws"); *Simon v. Stalder*, 2008 WL 4763512 (La. App. 1st Cir. Oct. 31, 2008) (same).

## Certificate of Appealability

Pursuant to statute, an appeal may not be taken to the federal court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal, this Court may nonetheless address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's claims be dismissed, without prejudice, for failure to exhaust state court remedies.  It is further recommended that in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on April 7, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**